IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| **TIMOTHY GLEN CASKEY**, | |
| Petitioner, | |
| v. | Civil No.: 3:19-CV-2 <br> **(JUDGE GROH)** |
| **J. SAAD, Warden,** | |
| Respondent. | |

# REPORT AND RECOMMENDATION[1]

## I.   INTRODUCTION

On January 2, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his sentence imposed in the United States District Court for the District of Minnesota.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] Unless otherwise noted, ECF citations refer to the instant case, 3:19-CV-2.

## II. FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On September 21, 2011, a grand jury in the District of Minnesota, in case number 0:11-CR-301, indicted Petitioner and charged him with kidnapping, in violation of 18 U.S.C. § 1201(a), and interstate domestic violence, in violation of 18 U.S.C. §§ 2261(a)(2), (b)(3), and (b)(4). 0:11-CR-301, ECF No. 12.

On October 19, 2011, a separate grand jury in the District of Kansas indicted Petitioner and charged him with bank robbery, in violation of 18 U.S.C. § 2113(a). D. Minn. 0:14-CR-36, ECF No. 2. On February 5, 2014, Petitioner consented to the transfer of the Kansas bank robbery charge to the District of Minnesota. 0:14-CR-36, ECF No. 1.

On February 6, 2014, pursuant to a written plea agreement, Petitioner entered his plea of guilty to kidnapping as charged in Count 1 of 0:11-CR-301 and to bank robbery as charged in 0:14-CR-36. ECF No. 5. As part of the plea, Count 2 of indictment 0:11-CR-301 was dismissed. 0:11-CR-301, ECF No. 173.

On February 26, 2015, Petitioner was sentenced on both charges to: (1) 300 months' imprisonment and five years' supervised release for the kidnapping conviction; and (2) 240 months' imprisonment and three years' supervised release for the bank robbery conviction. 0:14-CR-36, ECF No. 23 at 2. Petitioner was

---

[2] Unless otherwise noted, All CM/ECF references in Facts sections II.A, B, and C, refer to entries in the dockets of either Criminal Action No. 0:14-CR-36, or Criminal Action No. 0:11-CR-301, both in the District of Minnesota, and both available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

also ordered to pay restitution for each charge.  0:11-Cr-301, ECF No. 173 at 5; 0:14-CR-36, ECF No. 23 at 5.

### B.  Direct Appeal

On March 13, 2015, Petitioner filed a notice of appeal in both cases.  0:11-CR-301, ECF No. 175; 0:14-CR-36, ECF No. 26.  The kidnapping case, 0:11-CR-301, was docketed in the Eighth Circuit Court of Appeals as docket number 15-1568, while the bank robbery case, 0:14-CR-36, was docketed as docket number 15-1569.[3]  On January 12, 2016, the Eighth Circuit affirmed the judgment of the sentencing court in both cases.  0:11-CR-301, ECF No. 190; 0:14-CR-36, ECF No. 35.

### C.  28 U.S.C. § 2255 Motion

On April 3, 2017, Petitioner filed a Motion to Vacate under § 2255.  0:11-CR-301, ECF No. 194; 0:14-CR-36, ECF No. 39.  Petitioner alleged ineffective assistance of counsel, a due process violation from the sentencing enhancements on his kidnapping charge, and a due process violation based on the application of his sentence on the bank robbery charge.  Id.

On October 31, 2017, the sentencing court denied Petitioner's § 2255 motion.  0:11-CR-301, ECF No. 207; 0:14-CR-36, ECF No. 52.  The court held that Petitioner failed to support a claim of ineffective assistance of counsel, either "factually or legally." Id. at 1.  The sentencing court also concluded that it was precluded from reviewing Petitioner's sentencing enhancements, because "[c]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28

---

[3] Despite this separate docketing by the Eighth Circuit, the undersigned notes that the contents of each Docket in PACER are identical, and the opinion published by the Eighth Circuit lists both case numbers.

3

U.S.C. § 2255." Id. at 9 – 10 (quoting Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003)).

On November 20, 2017, Petitioner filed a notice of appeal of the denial of his § 2255 motion. 0:11-CR-301, ECF No. 209; 0:14-CR-36, ECF No. 54. On February 21, 2018, the Eighth Circuit dismissed the appeal and denied the application for a certificate of appealability. 0:11-CR-301, ECF No. 214; 0:14-CR-36, ECF No. 57.

### D. Instant § 2241 Petition

This § 2241 petition was filed on January 2, 2019, and was accompanied by a 16-page memorandum of law. ECF Nos. 1, 1-1. Therein, Petitioner challenges his sentence imposed in the District of Minnesota.[4] ECF No. 1 at 1, 5.

Petitioner's sole ground for relief is that the enhancements to his sentence, both arising from the kidnapping conviction, should be removed. ECF No. 1 at 5. He seeks to have his sentence vacated and to be re-sentenced without enhancement. ECF No. 1-1 at 16. Petitioner alleges that the enhancements at issue were based on testimony from an unreliable witness. Id. at 8 – 12. Petitioner also alleges that the enhancements were erroneous because he was not found guilty of committing a crime of violence.[5] Id. at 14 – 15.

---

[4] The undersigned notes Petitioner nominally comments that he was wrongfully charged with kidnapping. However, his petition makes no argument that his convictions are wrongful, and he only attacks his sentence.

[5] Petitioner was sentenced under the 2014 version of the Guidelines, which defined a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has an element the use, attempted use, or threatened use of physical force against the person of another" U.S.S.G. § 4B1.2 (2014).

### III. LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---
[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

5

> baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

7

>  (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
>  (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

>  (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>  (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>  (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>  (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV.   ANALYSIS

Petitioner's sole ground for relief is that he was erroneously sentenced with illegal enhancements under the post-Booker,[9] advisory Guidelines.  ECF No. 1-1 at 16. Petitioner's direct appeal was unsuccessful and is now time barred.  His § 2255 motion was also denied.  Accordingly, Petitioner has two options: he may seek leave to file a second or successive § 2255 under § 2255(h)(2); or he can file a § 2241 petition, which relies on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on any newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  In order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause, and satisfy all four prongs of the Wheeler test.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715

---

[9] United States v. Booker, 543 U.S. 220 (2005).

9

("Foote[10] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

In this case, Petitioner was sentenced with enhancements under the post-Booker, advisory Guidelines. Regardless of whether there was a misapplication of the enhancements,[11] the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his

---

[10] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

[11] Applying Wheeler in Kornegay v. Warden, FCI Butner, 748 Fed. App'x. 513, 514 (4th Cir. 2019), the Fourth Circuit held that Foote barred a § 2241 petition because the petitioner was sentenced under the post-Booker advisory guidelines. Id. at 514. The Fourth Circuit reasoned that Foote bars a challenge to the trial court's misapplication of the advisory guidelines under 28 U.S.C. § 2255." Id. In that case the petitioner had also challenged his sentence through a § 2241 relying on the savings clause of § 2255(e).

petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:	June 24, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE